Case 4:20-cv-00575   Document 46   Filed on 08/24/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL FIELD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-00575 |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

In this Fair Labor Standard Act ("FLSA") case, I am asked to weigh in on whether it is appropriate for the named plaintiff to subpoena third-parties for documents concerning all putative class members before the district court has determined whether conditional certification is appropriate. In my opinion, the short answer is no.

### BACKGROUND

Plaintiff Joel Field ("Field") alleges in the operative complaint that Defendant Anadarko Petroleum Corporation ("Anadarko") misclassifies its wellsite workers (known as "consultants") as independent contractors and pays them a set daily rate with no overtime pay in violation of the FLSA. Field brings this case as a collective action on behalf of himself and other similarly situated Anadarko employees. Shortly after the commencement of this lawsuit, Field filed a motion for conditional certification, asking the district court to authorize notice to putative class members so they can decide whether to participate in the lawsuit. Both sides have fully briefed that motion for conditional

certification, and the parties are simply waiting on a ruling from United States District Judge George C. Hanks, Jr.

In late July 2020, Field served virtually identical subpoenas duces tecum and depositions by written questions on three vendors who purportedly employed the consultants in the putative class: Bedrock Petroleum Consultants, LLC ("Bedrock"); New Tech Global Ventures, LLC ("New Tech"); and RWDY, Inc. ("RWDY") (collectively, "the vendors"). The subpoenas seek highly detailed information about all "completions consultants, drilling consultants, and project managers" employed by the vendors working on Anadarko projects. Dkt. 34-1 at 4, 11, and 18. Specifically, the third-party discovery requests ask for "(a) the names of the CLASS MEMBERS; (b) dates of employment of the CLASS MEMBERS; (c) each CLASS MEMBERS' last known mailing address; and (d) each CLASS MEMBERS' personal email addresses and personal telephone numbers." *Id.* at 5, 12 and 19. For each putative class member that the vendors paid a day rate and staffed to Anadarko, Field also asks the vendors to provide the dates, hours, and locations they worked, as well as the pay they received.

Anadarko has objected to the issuance of the third-party subpoenas as premature because the district court has yet to decide whether conditional certification is even appropriate. To preserve its objections to the three subpoenas, Anadarko filed a Motion to Quash and for Protective Order Against Non-Party Subpoenas Duces Tecum and Depositions by Written Questions and Supporting Memorandum. *See* Dkt. 34. Non-party New Tech has joined in Anadarko's motion. *See* Dkt. 39. Field has filed an

opposition brief. *See* Dkt. 42. I heard oral argument and reviewed the case law cited by both parties.

## DISCUSSION

The first issue I must address is whether, and to what extent, Anadarko has standing to challenge the subpoenas served on the non-parties. *See Rice v. Reliastar Life Ins. Co.*, No. 11-44-BAJ-CN, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011). Federal Rule of Civil Procedure 45 provides that a party may serve a subpoena commanding a nonparty "to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). Although non-party New Tech timely objected to the subpoena it received, Bedrock and RWDY have not filed any objections. Field argues that, under Rule 45, Anadarko does not have standing to quash the subpoenas issued to Bedrock and RWDY as non-parties.

Parties unquestionably have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. A party may object to a subpoena issued to a non-party only if the party asserts a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). *See also Total RX Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) ("A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it."). But I need

not concern myself with whether Anadarko has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. That is because Anadarko does not rely solely on Rule 45. Anadarko has alternatively asked the Court to issue a protective order under Rule 26(c). This is significant because "a party has standing to move for a protective order pursuant to Rule 26(c) . . . even if the party does not have standing pursuant to Rule 45(d)." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). *See also Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order if it believes its own interest is jeopardized by discovery sought from a third person.") (internal quotation marks and citation omitted). "Given that [Field] does not challenge [Anadarko's] standing under Rule 26, [his] standing argument under Rule 45 is largely irrelevant." *Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017).

I, therefore, turn to Rule 26(c) for guidance. Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). I have broad discretion in deciding whether to issue a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). To determine whether a protective order is appropriate, I must keep in mind that a party may discover "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Discovery outside of this scope is prohibited. *See id.* at (b)(2), (C)(iii). Rule 26 also

4

requires that discovery, even if relevant, be "proportional to the needs of the case." *Id.* at (b)(1).

As noted above, the subpoenas at issue here are incredibly broad, seeking all sorts of personal and financial information related to each member of the putative class. Anadarko argues that these subpoenas are premature because Field would only be entitled to the information sought in the subpoenas if he "successfully prevailed on his Motion for Conditional Certification and . . . eligible individuals opted to actually join the class following an appropriate notice of class action." Dkt. 34 at 2 (emphasis omitted). I agree. I am hard-pressed to understand why Field needs extensive discovery of each putative class member's name, dates of employment, last known address, personal email address, and financial compensation before a decision has been made concerning whether class notice should even be sent to putative class members. Although Field claims that such discovery will help him make a fuller showing at the conditional certification stage, he conveniently overlooks that the conditional certification briefing is complete. He also fails to sufficiently explain how such wide-ranging discovery would make conditional certification more likely.

Although Field points me to a number of courts who allow class discovery prior to conditional certification, there are an equal number of courts who refuse to permit class discovery prior to conditional certification. *See Hoeflein v. Crescent Drilling & Prod., Inc.*, No. SA-19-CV-01194-FB, 2020 WL 2527939, at *2 (W.D. Tex. May 18, 2020) (holding that subpoenas issued prior to conditional certification to non-parties seeking all invoices as to all potential opt-in plaintiffs was premature, placed an undue burden on the

5

non-parties, and was not proportional to the needs of the case); *Saenz v. Erick Flowback Servs. LLC*, No. CIV-14-593-D, 2014 WL 7005358, at *2 (W.D. Okla. Oct. 23, 2014) (denying motion to compel production of class list and explaining that "requiring Defendants to identify potential class members before conditional certification is unnecessary"). I think the more well-reasoned approach restricts class-wide discovery until conditional certification is granted. Why should I force non-parties to incur substantial costs in gathering, reviewing, and producing documents covering thousands of employees when this case might ultimately proceed as an individual action? If the case proceeds as an individual action,[2] class-wide discovery would certainly not be proportional to the needs of the case. Let's take the practical approach and wait until the motion for conditional certification is granted before kicking off non-party discovery aimed at discovering information about the class. Anadarko's counsel acknowledged at oral argument that the subpoenas at issue are entirely appropriate if conditional certification is granted, so there should be no problem with conducting such discovery at the appropriate time.

## CONCLUSION

For the reasons explained above, I **GRANT** Anadarko's request for a protective order (Dkt. 34) and New Tech's Motion to Quash (Dkt. 39). The third-party subpoenas directed at Bedrock, New Tech, and RWDY are premature. Accordingly, until such time as a collective action is conditionally certified, I will not require Bedrock, New Tech, or RWDY to respond to the subpoenas.

---

[2] To date, five individuals have submitted consents to participate in the case.

SIGNED this 24th day of August 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE