United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL FIELD | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-00575 |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before me is Plaintiff's Motion for Conditional Certification. *See* Dkt. 25. Having reviewed the motion, response, reply, and applicable law, I conclude that this case should be conditionally certified, and notice should be sent to potential class members giving them an opportunity to opt-in to this lawsuit.

## BACKGROUND

Anadarko Petroleum Corporation ("Anadarko") is an oil and gas exploration company that maintains operations and well sites throughout the United States. To conduct its operations, Anadarko contracts with third party staffing companies to acquire laborers and consultants. One of these staffing companies, Bedrock Consultants ("Bedrock"), hired Joel Field ("Field") as a Completions Consultant to perform manual labor job duties for Anadarko at its well site in Mentone, Texas. These manual job duties included operating oilfield machinery, performing routine maintenance on oilfield equipment, and building and taking apart oilfield tools. Field worked for Anadarko through Bedrock from

approximately June 2017 through May 2018. He alleges that he often worked 12 hours a day for weeks at a time, but did not receive overtime pay.

According to Field, Anadarko, through its staffing contractors, misclassified him and similarly situated employees as independent contractors and paid them a flat amount for each day worked (a "day-rate") without regard to the overtime provisions of the Fair Labor Standards Act ("FLSA"). Armed with these allegations, Field filed this motion seeking conditional certification of a collective action that includes:

> All Completions Consultants, Drilling Consultants, and Project Managers employed by, or working on behalf of, Anadarko who were classified as independent contractors and paid a day-rate with no overtime at anytime during the past three years.

Dkt. 25 at 7 (emphasis omitted).

## APPLICABLE LAW

The FLSA requires covered employers to pay nonexempt employees at overtime rates for time worked in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a). An employee alleging a violation of this provision may recover unlawfully withheld wages in a lawsuit brought on behalf of himself "and other employees *similarly situated*." *Id.* § 216(b) (emphasis added). The FLSA collective action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees, whose claims are often small, may join together to pursue their claims for relief. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Neither the statute, the Supreme Court, nor the Fifth Circuit have provided guidance on the specific test district courts should utilize to determine whether plaintiffs are similarly

2

situated. *See Avila v. SLSCO, Ltd.*, No. 3:18-CV-00426, 2020 WL 1891691, at *1 (S.D. Tex. Feb. 10, 2020) (collecting cases). Instead, the conditional certification determination is left to the sound discretion of the district court. *See Hoffmann-La Roche, Inc.*, 493 U.S. at 170. Most judges in the Southern District of Texas (including this one) have adopted the lenient two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). The *Lusardi* approach proceeds in two stages: (1) the "notice" stage and (2) the "decertification" stage. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995).

At the notice stage, the trial court reviews "the pleadings and any affidavits [that] have been submitted," *id.* at 1214, and determines "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). For conditional certification to be appropriate, a plaintiff must show that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted. *See id.* Given the limited evidence available at this early stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214 (footnote omitted). At no point during the notice stage of conditional certification should a court look to the merits of the lawsuit's allegations. *See Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013) ("Usually at the notice stage, because discovery has

not yet occurred, courts do not review the underlying merits of the action in deciding whether to conditionally certify the class.").

Should the district court conditionally certify a class during the notice stage, putative class members are given notice and an opportunity to opt-in. *See Acevedo*, 600 F.3d at 519. The case then proceeds through discovery as a representative action. *See id.* After the opt-in period has concluded and discovery is largely complete, the defendant may file a motion for decertification, triggering *Lusardi* stage two. *See Mooney*, 54 F.3d at 1214. At this stage, the district court reassesses whether the class members are similarly situated. *See id.* If the claimants are similarly situated, the case proceeds to trial as a collective action. *See Mooney*, 54 F.3d at 1214. "If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* The original plaintiffs then proceed to trial on their individual claims. *See id.*

## CONDITIONAL CERTIFICATION IS PROPER

As noted, to prevail on his motion for conditional certification, Field must show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist, and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted. *See Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-CV-00356, 2018 WL 1609577, at *2 (S.D. Tex. Apr. 3, 2018). I will now conduct the necessary analysis.

**A. THERE IS A REASONABLE BASIS FOR CONCLUDING THAT OTHER AGGRIEVED INDIVIDUALS EXIST.**

Under the first element, Field must show that it is reasonable to believe that there are other employees who were impacted by Anadarko's allegedly unlawful compensation practices. *See Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 464 (S.D. Tex. 2015). To date, eight individuals—in addition to Field—have opted-in to the lawsuit. In support of his motion for conditional certification, Field submitted three sworn declarations from opt-in plaintiffs in addition to his own. All four declarations allege that Anadarko misclassified other employees as independent contractors and failed to pay them overtime rates for hours worked in excess of the FLSA's 40-hour threshold. These submissions easily satisfy the first element for conditional certification. *See Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 769 (S.D. Tex. 2015).

**B. MEMBERS OF THE PROPOSED CLASS ARE SIMILARLY SITUATED.**

To satisfy the second element of the *Lusardi* conditional certification test, Field must show that members of the proposed class "are similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Heeg v. Adams Harris*, 907 F. Supp. 2d 856, 862 (internal quotation marks and citation omitted). In making this assessment, "the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated." *Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012). *See also Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008) ("Courts have repeatedly stressed that Plaintiffs must only be similarly—not identically—situated to proceed collectively.")

(collecting cases). Rather, Field must show that class members are "similarly situated . . . in relevant respects *given the claims and defenses asserted*." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465–66 (S.D. Tex. 2012) (quotation marks and citation omitted) (emphasis added).

Field, along with three other opt-in plaintiffs, provided declarations demonstrating that they—and the putative class members—performed the same general job duties and were subject to the same pay policy. Three of the declarants worked as Completions Consultants and one worked as a Project Manager.[1] According to their declarations, the plaintiffs were all classified as independent contractors, paid a day-rate, performed manual labor, and assigned to work for weeks at a time. They all reportedly worked more than 40 hours per week, did not receive overtime pay, and had no authority to hire, fire, or discipline others working at the well site. Field's proposed class is specifically limited to those employees who were classified as independent contractors and paid a day-rate. Noting that "a plaintiff need only provide substantial allegations that class members were victims of a single, decision, policy, or plan," Field maintains that he has met the relatively light burden required to conditionally certify a class at this early stage. *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015).

---

[1] One of the opt-in plaintiffs, Walter Baker, claims he performed services for Anadarko as a Project Manager. Anadarko contends that there is no such position as Project Manager, and that Baker acted as a Completions Foreman. At this juncture of the case, it is inappropriate for me to try to resolve this factual dispute. For simplicity's sake, I will simply refer to Baker's position as Project Manager/Completions Foreman.

Anadarko argues that at least 11 different staffing companies bore the responsibility of paying the class members. According to Anadarko, this decentralized compensation scheme means no common policy can be identified to support a finding that the class members are similarly situated. I completely disagree. In my mind, it does not matter if there were two, 10, or 100 staffing companies involved. All that matters at this juncture is that Field has sufficiently alleged that he and similarly situated class members were the victims of a single pay policy: a failure to pay overtime to those classified as independent contractors and paid a day-rate. Field claims that the common pay practice utilized by Anadarko, through the staffing companies, was to classify putative class members as independent contractors, pay the putative class members a day-rate, and require the putative class members to work more than 40 hours per week without paying overtime. This uniformly applied day-rate pay practice, which Field claims is a per se violation of the FLSA, is particularly appropriate for conditional certification. *See Avila,* 2020 WL 1891691, at *5 (conditionally certifying class of day-rate workers classified as independent contractors); *Tuggle v. Rockwater Energy Sols., Inc.*, No. H-18-4746, 2019 WL 7040330, at *2 (S.D. Tex. Dec. 3, 2019) (same); *Tamez,* 2015 WL 7075971, at *3 (same).

In opposing conditional certification, Anadarko relies on a number of cases that are readily distinguishable from the instant case. Take *Virgen v. Conrad Indus., Inc.*, No. 6:15-0465, 2015 WL 6692120 (W.D. La. Nov. 2, 2015), as an example. Although the district court in *Virgen* refused to grant conditional certification, the plaintiff there failed to allege that the employer had a common, unlawful policy or plan. *See id.* at *8 (plaintiff failed to present any evidence indicating that the employer "applied a uniform policy to all

7

employees"). This critical omission understandably doomed conditional certification in *Virgen*. That glaring deficiency does not exist here. In stark contrast, Field specifically alleges that Anadarko was well aware that its consultants were paid a day-rate without overtime pay and allowed such a practice to continue.[2]

Although Anadarko strongly disputes that it knew that its consultants were paid a day-rate without overtime pay, that is neither here nor there for conditional certification purposes. At the notice stage, I am required to accept Field's well-pled allegations, supported by declaration testimony, as true. "It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action." *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006). *See also Ellis v. Baptist Mem'l Health Care Corp.*, No. 3:18-CV-73-SA-JMV, 2019 WL 958420, at *3 (N.D. Miss. Feb. 27, 2019) (internal quotation marks and citation omitted) ("During the notice stage of the conditional certification analysis, . . . it is not the role of this Court to resolve factual disputes over the merits of the claims, as the disposition of these arguments is irrelevant in determining whether the Plaintiffs have made a showing that there are similarly situated employees.").

---

[2] The other cases cited by Anadarko are also not persuasive. *See, e.g.*, *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016) (applying a stricter standard of review, "look[ing] beyond the pleadings and affidavits," because the parties had already engaged in significant discovery); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 878 (E.D. La. 2008) (striking plaintiffs' affidavits filed in support of conditional certification motion as unreliable and holding that plaintiffs failed to make "substantial allegations that they and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law").

Anadarko also claims that individual issues predominate because the staffing companies "may have paid the proposed class members on a salary, hourly, day rate, or other basis." Dkt. 29 at 20. This argument is a red herring, completely irrelevant to the conditional certification analysis because "only day-rate contractors are included in the putative class." *Tuggle*, 2019 WL 7040330, at *2.

Anadarko next argues that Field's motion should be denied because he cannot show that the proposed class members were similarly situated in terms of job requirements. As noted above, Field seeks to conditionally certify a class consisting of Completions Consultants, Project Managers, and Drilling Consultants. Field was a Completions Consultant, and the other opt-in plaintiffs served as Completions Consultants or Project Managers/Completions Foremen. None, however, were Drilling Consultants. Because not one of the current opt-in plaintiffs worked as a Drilling Consultant, Anadarko avers that it would be improper to conditionally certify a class including Drilling Consultants. Anadarko also contends that the duties of a Completions Specialist are distinct from the responsibilities of a Project Manager/Completions Foreman, further militating against conditional certification.

*Tamez* is directly on point. *See* 2015 WL 7075971. The original plaintiff in that case, along with four opt-in plaintiffs, worked for an oil and gas company as health and safety specialists. *See id.* at *1. They sought to proceed as a class composed of workers paid a day-rate over the prior three years. The employer argued that certification was improper because the class covered all employees paid a day-rate, not just those employed as health and safety specialists. The defendants in *Tamez*—like Anadarko here—pointed

9

to case law showing that "courts require that members of an FLSA class have similar job titles and responsibilities." *Id.* at *3. The court rejected that argument because (1) the plaintiffs alleged that the employer violated the FLSA without regard to an individual's job position; and (2) the employer failed to "plead any exemptions that would require the class to be limited to a particular type of job." *Id.* at *4. "[D]ifferences among the plaintiffs' job titles and duties will not prevent the Court from adjudicating the case in a collective fashion." *Id.* at *3. When a plaintiff alleges "that the compensation scheme is in [and] of itself a violation of the FLSA[, n]o further factual inquiry is necessary. Accordingly, liability can be determined collectively without limiting the class to a specific job position." *Id.*

The same reasoning applies here. Field seeks to represent a class of individuals allegedly misclassified as independent contractors and paid a day-rate regardless of the actual hours worked. Anadarko's answer includes no allegation that exemptions apply to some of their employees but not others. In its response to the pending motion, Anadarko appears to concede (or at least fails to dispute) that many of the Completions Consultants, Drilling Consultants, and Project Manager/Completions Foremen were paid a day-rate. Anadarko instead appears to rest its hat on the dissimilarity between the job duties performed by these various employees.

A difference in job responsibilities and job titles is not a barrier to conditional certification where, as here, the allegations point towards a system of allegedly unlawful compensation that affects all class members regardless of their position. Field's position is that failure to pay overtime to employees who are paid on a daily rate is a per se violation

of the FLSA and does not depend on the job title or job responsibilities of each opt-in plaintiff. "A class that encompasses a wide range of job positions may be conditionally certified as long as the differences between class members are not material to the allegations in the case." *Tamez*, 2015 WL 7075971, at *4. *See also Thrower v. UniversalPegasus, Int'l, Inc.*, --- F. Supp. 3d ---, 2020 WL 5258521, at *9 (S.D. Tex. Sep. 3, 2020) (internal quotation marks and citation omitted) ("Because [plaintiff] alleges that the compensation scheme is, in and of itself, a violation of the FLSA, no further factual inquiry into the job duties of each potential class member is required, as liability can be determined collectively without limiting the class to a specific job position."); *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *2 (S.D. Tex. May 11, 2007) ("Because potential class members were paid in the same manner, and because their job duties were not different in ways that are legally relevant to their FLSA claim, the Court finds that the potential class members are similarly situated for purposes of conditional certification.") (footnotes omitted); *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295(GEL), 2007 WL 2873929, at *5 (S.D.N.Y. Oct. 2, 2007) ("Defendants cannot defeat a § 216(b) motion simply by pointing out all the ways in which plaintiff's exact day-to-day tasks differ from those of the opt-in plaintiffs; instead, defendants must show that plaintiffs are not similarly situated *in ways relevant* to their entitlement to overtime compensation under [the] FLSA."). Anadarko has not shown why any differences in job duties or job titles are relevant given the claims and defenses asserted. Conditional certification is, therefore, appropriate.

## FORM OF NOTICE TO POTENTIAL PLAINTIFFS

Once a district court grants conditional certification of a collective action, it should authorize notice to potential class members with instructions on how they can opt in and participate in the lawsuit. *See Hoffmann-La Roche*, 493 U.S. at 169–70. "Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of limitations continue to run unless and until a plaintiff 'gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.'" *Gronefeld v. Integrated Prod. Servs., Inc.*, No. 5:16-CV-55, 2016 WL 8673851, at *5 (W.D. Tex. Apr. 26, 2016) (quoting 29 U.S.C. § 216(b)). District courts have "wide discretion" in determining the content of the notice and method of distribution. *See Tillis v. Glob. Fixture Servs., Inc.*, No. 4:19-CV-01059, 2020 WL 1443490, at *6 (S.D. Tex. Mar. 23, 2020). My role is to "ensure that the notice is fair and accurate." *Gandhi v. Dell, Inc.*, No. 1:08-CV-248-JRN, 2009 WL 3427218, at *2 (W.D. Tex. Oct. 20, 2009) (internal quotation marks and citation omitted).

Field attached his proposed notice and consent as an exhibit to his Motion for Conditional Certification. Anadarko objects to the proposed notice on several grounds, including: (1) Field's notice is overbroad because it requests authorization to notify plaintiffs by first-class mail, email, and text messages; (2) reminder notices are unnecessary; and (3) the notice uses flawed language and permits Field's counsel to engage in unlawful solicitation.

A.      **NOTICE MAY BE SENT TO POTENTIAL CLASS MEMBERS BY FIRST-CLASS MAIL, EMAIL, AND TEXT MESSAGE.**

Field has requested notice be sent to potential class members by first-class mail, email, and text message. Anadarko argues that requiring notice by all three methods is duplicitous and wasteful. I have weighed in on this exact issue on many occasions, each time noting "that the purpose of notice is to inform potential class members of the lawsuit and provide them the opportunity to join the case, and I will encourage all efforts aimed at ensuring that potential plaintiffs discover that this action is pending." *See Tillis*, 2020 WL 1443490, at *7 (cleaned up). *See also Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 672 (2020) (approving class notifications via first-class mail, email, and text message).

The putative class members in this case, like many in the State of Texas, all do field work for the oil and gas industry, meaning that they are often far from home and difficult to contact by traditional modes of communication. Indeed, the four declarations submitted by Field in support of conditional certification all indicate that it is difficult for such workers to regularly receive first-class mail. I am determined to utilize any means necessary to further the remedial purposes of the FLSA and provide effective notice of this lawsuit to potential class members. In my view, notice by first-class mail, email, and text message is appropriate to ensure potential class members learn about a FLSA lawsuit, especially when, as here, the employees work away from home for long periods of time.

B.     **REMINDER NOTICE**

Field's proposed conditional certification order authorizes his counsel to send putative class members a second identical copy of the notice/consent forms by mail, email, and text message 30 days from the date notice is first sent to potential class members. Anadarko objects on the ground that Field has failed to show that a reminder notice is needed.

Although courts are split as to whether reminder notices are permissible, I have previously authorized such notices in cases like this to ensure plaintiffs "receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *See Tillis*, 2020 WL 1443490, at *7 (cleaned up). I did not make this decision lightly. In fact, in *Dickensheets*, I provided the arguments for and against reminder notices, but I ultimately decided to authorize follow-up notices by mail, email, and text message to serve the remedial purposes of the FLSA. *See* 440 F. Supp. 3d at 672–73. The same reasoning applies here.

Field also requests the opportunity to follow-up with putative class members "by telephone if they are former employees or if the mailed or emailed Notice and Consent Forms are undeliverable." Dkt. 25 at 18. I am unwilling to accede to this request. As I have previously noted:

> Given that FLSA notice is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, I completely understand [Field's] desire to add a reminder phone call to the repertoire. But I am not persuaded. I have already agreed to notice by first-class mail, email, and text message. I have also agreed to reminder notices using the same methods of delivery. At a certain point, enough is enough. Too many reminder notices become duplicative and harassing. I have to draw the line

> somewhere. Accordingly, I find that reminder calls are inappropriate when a district court has already authorized reminder notices via first-class mail, email, and text message.

*Lawrence v. A-1 Cleaning & Septic Sys., LLC*, No. 4:19-CV-03526, 2020 WL 2042323, at *6 (S.D. Tex. Apr. 28, 2020) (collecting cases).

### C.  WORDING OF NOTICE

Anadarko makes two objections to the wording of the proposed notice and consent form. First, Anadarko claims the proposed notice fails to advise putative class members of their discovery obligations. Second, Anadarko complains that Field's proposed consent form is not limited to this case, but improperly authorizes the filing of a separate lawsuit or arbitration to prosecute any wage claims. I think both of these complaints are valid. The parties are, thus, ordered to modify the language in the notice to be sent to potential plaintiffs to reflect these rulings. To assist the parties in crafting notice, I have prepared a form FLSA conditional certification notice that contains satisfactory language on both these points. The form FLSA notice is available on my website (https://www.txs.uscourts.gov/page/united-states-magistrate-judge-andrew-m-edison), and the parties are encouraged to utilize it in drafting the final notice for this case.

### CONCLUSION

Field has made a sufficient showing at this preliminary stage to warrant the issuance of notice, to permit full discovery, and to allow the Court to conduct a more rigorous analysis at the final decertification stage when it has the benefit of more information. As such, Plaintiff's Motion for Conditional Certification (Dkt. 25) is **GRANTED**. Conditional certification is granted for a class defined as follows:

15

> All Completions Consultants, Drilling Consultants, and Project Managers employed by, or working on behalf of, Anadarko who were classified as independent contractors and paid a day-rate with no overtime at anytime during the three-year period before this order, October 16, 2017, through October 15, 2020.

I order the parties to confer and file an agreed Proposed Notice and an agreed Proposed Consent to Join form by October 30, 2020.

Anadarko shall provide Field with a list of all employees fitting the description of the conditionally certified class in a usable electronic format by November 6, 2020. This list shall include each individual's full name, last known mailing address, email address, telephone number, and date(s) of employment. I fully understand that Anadarko might not be in possession of such identification information. If that is the case, Anadarko is ordered to provide whatever identification information it possesses as well the names of the staffing contractors that maintain the rest of the information necessary to contact putative class members. I previously issued an order in this case regarding Field's attempt to subpoena third parties. *See Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122 (S.D. Tex. Aug. 24, 2020). In granting Anadarko's motion for a protective order, I noted that class-wide discovery would be disproportionate to the needs of the case prior to an order granting conditional certification. *See id.* at *2. Now that I have granted the request for conditional certification, such third-party discovery is warranted.

Field shall have fourteen (14) days from the receipt of the necessary contact information to send notice to the potential class members by first-class mail, email, and text message. The opt-in period shall be sixty (60) days from the date the notice is sent. A

reminder notice may be sent to putative class members by email, first-class mail, and text message.

SIGNED this 15th day of October 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE