UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL FIELD, *individually and for others similarly situated*, | § § § § § | |
| Plaintiff. | § | |
| VS. | § § | CIVIL ACTION NO. 4:20-CV-00575 |
| ANADARKO PETROLEUM CORPORATION, ET AL., | § § § § | |
| Defendants. | § | |

## ORDER

Pending before me is non-party New Tech Global Ventures, LLC's Motion to Quash and for Protective Order Against Subpoena Duces Tecum and Deposition by Written Questions (the "Motion to Quash"). *See* Dkt. 57. For the reasons discussed below, the Motion to Quash is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

This Court has conditionally certified a class of workers employed by, or working on behalf of, Anadarko Petroleum Corporation ("Anadarko"). To send notice to putative class members of the pending collective action, Joel Field ("Field") needs contact information for workers employed by, or working on behalf of, Anadarko. Field alleges that some of that information is in the hands of New Tech Global Ventures, LLC ("New Tech").

Field served New Tech with a subpoena on November 11, 2020, seeking the following information:

1. For all CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RLEVANT TIME PERIOD, produce in an electronic format (such as excel) the: (a) the names of the CLASS MEMBERS; (b) dates of employment of the CLASS MEMBERS; (c) each CLASS MEMBERS' last known mailing address; and (d) each CLASS MEMBERS' personal email addresses and personal telephone numbers. If electronic means are not available, produce all DOCUMENTS which provide this information.

2. For all CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RELEVANT TIME PERIOD, produce an excel spreadsheet evidencing the compensation each CLASS MEMBER received from YOU for the RELEVANT TIME PERIOD, by pay period. If electronic means are not available, produce all DOCUMENTS which provide this information.

3. For all CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RELEVANT TIME PERIOD, produce an excel spreadsheet evidencing the dates and hours each CLASS MEMBER worked for ANADARKO for the RELEVANT TIME PERIOD, by pay period. If electronic means are not available, produce all DOCUMENTS which provide this information.

4. For all CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RELEVANT TIME PERIOD, produce an excel spreadsheet evidencing the locations each CLASS MEMBER worked for ANADARKO for the RELEVANT TIME PERIOD, by pay period. If electronic means are not available, produce all DOCUMENTS which provide this information.

Dkt. 57-2 at 6. The subpoena defines "CLASS MEMBERS" as "all Completions Consultants, Drilling Consultants, and Completions Foremen employed by, or working on behalf of, Anadarko who were classified as independent contractors and paid a day-rate with no overtime at any time from October 16, 2017 through October 15, 2020." *Id.* at 5. In other words, the subpoena asks New Tech to produce documents not only for opt-in plaintiffs but for all putative class members.

In the Motion to Quash, New Tech argues that the subpoena's requests for documents are "overbroad and disproportional to the needs of the case," and "place[] an undue burden on New Tech as most, if not all, of this information should already be [in] the possession of Anadarko, a party to this lawsuit." Dkt. 57 at 2. After a meet and confer session, New Tech agreed to comply with the first request. *See* Dkt. 61 at 2. That leaves requests two through four in dispute.

2

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Despite the broad construction given this Rule, "discovery, like all matters of procedure, has ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978), and courts must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

At issue here are Field's requests for records evidencing the compensation each class member received from New Tech, the dates and hours each class member worked for Anadarko, and the location each class member worked for Anadarko. Field contends that he needs these records "to send court-approved notice to those putative class members staffed by New Tech to Anadarko and to calculate their damages." Dkt. 60 at 4. Elsewhere though, Field contends that he needs "payroll records and timesheets of other putative class members staffed to Anadarko by New Tech" to determine whether opt-in plaintiffs were subjected to unlawful salary deductions. Dkt. 62 at 1. I find both arguments without merit.

To send class notice, Field simply needs contact information for each class member, which New Tech has agreed to provide. The compensation each class member received, the dates and hours they worked, and the location they worked are completely irrelevant to the distribution of class notice. As to Field's claim that the subpoena requests information relevant to the merits, New Tech should not be

3

compelled to produce the trove of requested documentation because there is not yet any indication that the salary exemption is central to this case. *Cf. Baxter v. Burns & McDonnell Eng'g Co.*, No. JKB-19-3241, 2020 WL 6485112, at *2–3 (D. Md. Nov. 3, 2020) (granting such broad discovery on an anonymous basis because "the central question of whether each Plaintiff qualifie[d] as salaried . . . will depend in part on whether he was subject to 'improper deductions' under 29 C.F.R. § 541.603"). Field alleges in the operative complaint that he and other class members were paid a day rate and not paid overtime. The conditionally certified class is similarly limited to employees that were paid a day rate and not paid overtime. *See* Dkt. 48 at 16. As Anadarko points out in its supplemental brief, Field "has made no arguments in his pleadings or otherwise that a weekly salary has been paid, or, if it has, whether the salary was reduced because of variations in quantity or quality of work." Dkt. 63 at 3. Because information of all putative class members relating to compensation, time worked, and location worked is unrelated to any claim or defense, it would be unduly burdensome and unnecessary to require New Tech to comply with the subpoena as currently written.

## CONCLUSION

For the reasons identified above, New Tech's Motion to Quash is **GRANTED** with respect to requests two through four and **DENIED** as to the first request.

SIGNED this 14th day of January 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE