Case 4:20-cv-00575   Document 98   Filed on 01/24/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOE FIELD, Individually and For Others Similarly Situated. § § § Plaintiff. § § VS. § § ANADARKO PETROLEUM § CORPORATION, et al. § § Defendants. § | CIVIL ACTION NO. 4:20-cv-00575 |

## ORDER AND OPINION

Before me is a Motion to Intervene filed by RUSCO Operating, LLC and Planning Thru Completion, LLC (collectively "RigUp"). *See* Dkt. 84. After carefully reviewing the parties' arguments, the record, and the applicable law, and for the reasons discussed below, RigUp's Motion to Intervene is **DENIED**.[1]

## BACKGROUND AND PROCEDURAL HISTORY

On February 19, 2020, Joel Field ("Field") filed this collective action against Anadarko Petroleum Corporation ("Anadarko"), alleging that Anadarko misclassified him and others similarly situated as independent contractors and

---

[1] "The Fifth Circuit hasn't considered whether a motion to intervene is properly characterized as dispositive or non-dispositive. But every federal district court in Texas to do so has concluded that such motions are non[-]dispositive." *Doucet v. Boardwalk Pipelines LP*, No. 4:20-CV-01793, 2021 WL 3674974, at *1 (S.D. Tex. Feb. 23, 2021). *See also Lindsey v. ONEOK, Inc.*, No. MO19CV00284DCRCG, 2021 WL 2934503, at *1 (W.D. Tex. Mar. 12, 2021) ("The motion to intervene is a non-dispositive, pretrial matter."); *DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-152-DC, 2020 WL 7631502, at *3 n.2 (W.D. Tex. Mar. 19, 2020) (same); *S.E.C. v. Kornman*, No. 3:04-cv-1803L, 2006 WL 148733, at *2–5 (N.D. Tex. Jan. 18, 2006) (treating motion to intervene as non-dispositive and applying clear-error standard of review); *Tex. Tech. Inst., Inc. v. Silicon Valley, Inc.*, No. CV H-04-3349, 2005 WL 8169210, at *1 n.1 (S.D. Tex. Aug. 19, 2005) (same). "This conclusion is undoubtedly correct. A motion to intervene is a pretrial matter, and its resolution decides no issue of substance on the merits. It is thus within the statutory authority of matters that a magistrate judge may 'hear and determine.'" *Doucet*, 2021 WL 3674974, at *1 (quoting 28 U.S.C. § 636(b)(1)(A)).

paid them a day rate without overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). On October 15, 2020, I issued an order allowing notice to be sent to putative class members. Since then, dozens of opt-in plaintiffs have consented to join the collective action.

RigUp is in the business of facilitating relationships in the oil-and-gas industry. More specifically, RigUp operates an online platform through which skilled professionals can market their services to oil-and-gas operators. In that same vein, RigUp's online platform enables oil-and-gas operators to search for and connect with skilled professionals who meet a particular project's needs. At a big-picture level, RigUp's platform functions as a sophisticated job posting board. Typically, operators contract with skilled professionals who meet their needs on a project-by-project basis. Central to RigUp's Motion to Intervene, workers must sign an "independent professional" agreement, which includes an arbitration clause,[2] before they can access RigUp's online platform.

Anadarko is one of RigUp's clients. RigUp seeks to intervene in this action, insisting that 11 of the opt-in plaintiffs[3] (collectively "Opt-in Plaintiffs") have agreed to arbitrate the claims at issue in this lawsuit.

RigUp argues it is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a) because it has a substantial legal interest in this case, namely its "interest in the arbitration of disputes about workers' payment and independent-contractor status." Dkt. 84 at 9. Alternatively, RigUp contends that permissive intervention is warranted under Rule 24(b).

---

[2] RigUp has periodically updated its "independent professional" agreement. RigUp claims "[e]ach revised Agreement supersedes any predecessor Agreement." Dkt. 84-2 at 4. Field disputes this claim and argues that the agreements (or, at least, some of the agreements) are unconscionable or do not require arbitration for various other reasons. *See* Dkt. 86 at 14.

[3] The Opt-in Plaintiffs are Jon Bartow, Joseph Boone, Jeffrey Baker, John Clipp, Joshua DuBois, Jason Freeman, Tyler Humphrey, Jammy Ledbetter, Jonathan Martin, Adam Perez, and Toby Pitts. *See* Dkt. 84 at 3. RigUp claims there are twelve Opt-in Plaintiffs; however, its motion lists "Jon Bartow" twice. *See id.*

Field vehemently opposes RigUp's attempt to intervene. Field leads off by arguing that RigUp's motion to intervene is untimely. Regardless, Field continues, RigUp does not have a sufficient interest in the underlying action. Because this case concerns Anadarko's alleged misclassification of the plaintiffs as independent contractors, Field argues that Anadarko's—not RigUp's—employment practices are at issue. If Anadarko's classification of the plaintiffs did not comply with the FLSA, Field maintains that only Anadarko is liable. Because RigUp faces no exposure to an adverse judgment against Anadarko, Field argues that RigUp has no legally protectable interest that would warrant intervention. What's more, says Field, RigUp's generalized lamentations that this lawsuit could affect the legality of classifying workers as independent contractors in the oil-and-gas industry is the exact type of remote and speculative economic interest that courts have routinely rejected as a basis for intervention.

## DISCUSSION

Rule 24 governs intervention and provides for two types—intervention "as of right" and permissive intervention. *See* FED. R. CIV. P. 24(a)–(b).

### A. INTERVENTION AS OF RIGHT

Intervention as of right is governed by Rule 24(a). *See* FED. R. CIV. P. 24(a). In the Fifth Circuit, to intervene as of right, a movant must establish four elements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quotation omitted). "Failure to satisfy any one requirement precludes intervention of right." *Id.* "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). *See also Poynor v. Chesapeake Energy Ltd. P'ship (In re Lease Oil Antitrust Litig.)*, 570

3

F.3d 244, 248 (5th Cir. 2009) ("Rule 24 is to be construed liberally, [with] doubts resolved in favor of the proposed intervenor." (cleaned up)).

### 1. Timeliness

RigUp's motion to intervene is timely; Field's argument to the contrary is entirely without merit. "The timeliness inquiry is contextual" and "not limited to chronological considerations but is to be determined from all the circumstances." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotations omitted). The Fifth Circuit has "rejected the notion that the date on which the would-be intervenor became aware of the pendency of the action should be used to determine whether it acted promptly." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994). Instead, the timeliness clock generally starts running when a would-be intervenor learns that its interests will no longer be protected by the parties to the suit. *See Swoboda v. Manders*, 665 F. App'x 312, 314 (5th Cir. 2016). All said, "timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club*, 18 F.3d at 1205.

Field claims that "RigUp did nothing after the 12 [sic] opt-in Plaintiffs joined this case in December 2020." Dkt. 86 at 13. But the evidence conclusively establishes that the first Opt-in Plaintiff to join this lawsuit did so on September 17, 2021, not in December 2020. *See* Dkt. 74. Simply stated, RigUp did not have any skin in the game prior September 17, 2021. In fact, had RigUp attempted to intervene before the first Opt-in Plaintiff filed a consent to join the lawsuit, it ran the risk of being "laughed out of court." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995). *See also Sierra Club*, 18 F.3d at 1206 ("Courts should discourage premature intervention that wastes judicial resources.").

The only serious question I need to address is whether RigUp dragged its heels after September 17, 2021. I find that it did not. Although RigUp filed its motion to intervene three months later, on December 17, 2021, it has submitted declaration testimony that it did not learn any Opt-in Plaintiff had joined the

collective action until December 2, 2021. *See* Dkt. 84-2 at 5. Viewed through this lens, when RigUp became aware that the parties would no longer protect its purported interests, it acted promptly to intervene. *See Swoboda*, 665 F. App'x at 314 (motion to intervene was reasonable and timely when made forty-five days after intervenor "became aware that its privilege would not be protected" by another party); *Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (holding that intervention was timely where five months passed between intervenor's learning of its interest and moving to intervene).

### 2. *Interest in the Property or Transaction*

Rule 24(a)(2) requires the movant to show a direct, substantial, and legally protectable interest in the property or transaction that is the subject of the litigation.[4] *See Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006). "The touchstone of the inquiry is whether the interest is legally protectable." *Wal-Mart Stores*, 834 F.3d at 566 (quotation omitted). However, "it need not be legally *enforceable*." *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015). "As a practical matter, this means that the proposed intervener would suffer harm from an adverse decision on the merits." *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 25 (D.D.C. 2002) (quotation omitted). Thus, a "contingent interest or mere expectancy" is not enough. *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969) (quotation omitted).

RigUp asserts that it has a "legitimate interest in the enforcement" of its arbitration agreements, Dkt. 84 at 13, as well as a more generalized "interest in the arbitration of disputes about workers' payment and independent-contractor status." *Id.* at 9. *See also id.* at 13 ("When a worker like the Opt-In Plaintiffs have a broad arbitration agreement with a staffing company like [RigUp], but the

---

[4] "On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2).

worker sues only an operator like Anadarko, the staffing company has an interest in compelling arbitration that warrants its intervention as of right."); Dkt. 84-2 at 4 (referencing a "desire[] to continue its working relationship with those contractors who may initiate dispute-resolution procedures related to the terms of their Agreements").

Field counters that RigUp lacks standing because it has not suffered, and will not suffer, an injury as a result of the underlying litigation. As such, Field contends that RigUp cannot force Opt-in Plaintiffs to arbitrate claims brought against non-signatory Anadarko. Even assuming, *arguendo*, Anadarko could compel arbitration as a non-signatory, Field argues that Anadarko has waived its right to do so by substantially invoking the litigation process.[5]

The United States District Court for the Western District of Texas has twice addressed near-identical arguments, holding both times that "any attempt by [RigUp] to enforce an arbitration agreement on behalf of a non-signatory [Anadarko] against a signatory [Opt-in Plaintiffs] does not constitute direct, substantial, and legally protectable interest sufficient to give [RigUp] an interest to intervene as of right." *Kennedy v. Pioneer Nat. Res. Co.*, No. MO20CV00086DCRCG, 2021 WL 2843837, at *3 (W.D. Tex. Mar. 15, 2021); *Lindsey v. ONEOK, Inc.*, MO19CV00284DCRCG, 2021 WL 2934503, at *3 (W.D. Tex. Mar. 12, 2021).

In an effort to blunt the force of this reasoning, RigUp directs me to a handful of decisions from outside this circuit, in which district courts have found that an intervenor in RigUp's shoes does have a legitimate interest in pursuing what it views as the benefit of its bargain under an arbitration agreement. *See Becker v. Delek US Energy, Inc.*, 3:20-CV-00285, 2020 WL 4604544, at *8 (M.D.

---

[5] Field also argues five Opt-in Plaintiffs' service agreements with RigUp were illicitly obtained and that RigUp's 2016 and 2018 service agreements exclude disputes between the worker and third-party companies like Anadarko. *See* Dkt. 86 at 14. Because I find that RigUp has not established a direct, substantial, and legally protectable interest in the underlying litigation, I do not reach these arguments.

6

Tenn. Aug. 11, 2020) (finding intervenor's interest in resolving the question of whether the arbitration clause extended to the plaintiff's claims against a non-signatory may be impaired if the court denied intervention); *Bock v. Salt Creek Midstream LLC*, No. CV 19-1163 WJ/GJF, 2020 WL 3989646, at *4 (D.N.M. July 15, 2020) (finding intervenor's "seeking to vindicate its [arbitration agreement] with Plaintiffs [was] a legitimate interest"); *Altenhofen v. S. Star Cent. Gas Pipeline, Inc.*, No. 4:20-CV-00030-JHM, 2020 WL 3547947, at *4 (W.D. Ky. June 30, 2020) (finding intervenor's interest in enforcing the arbitration agreement, when coupled with its status as a potential joint employer, constituted a legally sufficient interest for intervention).

      RigUp is readily distinguishable from the intervenors in *Becker*, *Bock*, and *Altenhofen*, as those intervenors claimed they: (1) were the plaintiffs' employer; (2) set the plaintiffs' salaries and duties; (3) determined whether the plaintiffs' duties and pay qualified them for the administrative overtime exemption; and (4) were subject to potential liability under either a joint-employer theory or an indemnity agreement with the defendant. In contrast, RigUp claims that it merely "handled . . . Plaintiffs' payments for the work they performed for Anadarko," for which Anadarko would later reimburse RigUp. Dkt. 84-1 at 5. *See* Dkt. 84-2 at 3 (testifying that RigUp "pays the contractor in accordance with an invoice submitted by the contractor, less a percentage known as the 'split' that compensates RigUp for its services. Operators like Anadarko then pay RigUp the balance invoiced."). Moreover, RigUp does not argue that it faces potential liability under either a joint-employer theory or an agreement to indemnify Anadarko. *See Hinkle v. Phillips 66 Co.*, No. PE:20-CV-00022-DC-DF, 2020 WL 10352346, at *4 (W.D. Tex. Nov. 13, 2020) (granting intervention as of right under similar circumstances because, *inter alia*, "the specter of joint and several liability hanging over" the intervenor's relationship with the defendant warranted a "place at the table because any liability assessed to Defendant may have a direct impact on" the intervenor).

7

This case lacks the hallmarks underlying the district court's decisions in *Becker*, *Bock*, and *Altenhofen*. Accordingly, I find that RigUp has failed to demonstrate it possesses a sufficient interest in the subject of this lawsuit to justify intervention as of right under Rule 24(a)(2). Without making this threshold demonstration, "the remaining considerations of practical harm and adequacy of representation become irrelevant." *Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th Cir. 1981).

**B.    PERMISSIVE INTERVENTION**

In the alternative, RigUp urges me to allow it to permissively intervene. Separate and apart from intervention as of right, Rule 24(b) provides:

> On timely motion, the court may permit anyone to intervene who:
> 
> (A)  is given a conditional right to intervene by federal statute; or
> 
> (B)  has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b).

Whether to allow permissive intervention is "wholly" within the district court's discretion. *See Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). "Thus, even where there is common question of law or fact, or the requirements of 24(b) are otherwise satisfied, a district court may deny permissive intervention if such would unduly delay or prejudice the adjudication of the rights of the original parties." *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 514 (5th Cir. 2005) (cleaned up).

Permissive intervention involves a two-step process. *See Jones v. Caddo Par. Sch. Bd.*, 204 F.R.D. 97, 101 (W.D. La. 2001). First, the court must decide whether the movant's claim or defense and the main action share a common question of law or fact. *See id.* If this threshold requirement is met, the court must then exercise its discretion in deciding whether intervention should be allowed. *See id.* As with intervention as of right, a motion to permissively intervene must be timely. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977).

RigUp provides little reasoning to support its permissive-intervention argument. It merely mentions that the *Kennedy* court granted permissive intervention under Rule 24(b), before summarily arguing "[t]he same result should obtain here if the Court does not agree that [RigUp is] entitled to intervention as of right." Dkt. 84 at 14. Recall, RigUp bears the burden of establishing that intervention is appropriate.

In *Kennedy*, the intervening party, Applied Consultants, Inc. ("Applied Consultants"), argued that it: (1) was the plaintiff's employer; (2) set the plaintiff's salary; (3) determined whether the plaintiff's duties and pay met the administrative-exemption requirement for overtime pay; and (4) was subject to potential liability under either a joint-employer theory or indemnity agreement with the defendant. *See Kennedy*, 2021 WL 2843837, at *2–5. Although Applied Consultants also claimed an interest in enforcing its arbitration agreement, the *Kennedy* court did not consider the purported interest when addressing permissive intervention. Instead, the court found that "among other common questions of law and fact, Applied Consultants clearly share[d] a defense with [the defendant] that is central to the main case—that [the plaintiff] was properly classified as overtime exempt." *Id.* at *5. While the court did not elaborate on the basis for this conclusion, presumably, its finding was premised on Applied Consultant's potential liability either as a joint employer or under its indemnity agreement. Neither concern is present in this case.

RigUp's failure to show a common question of law or fact is fatal. But even if it had done so, it is still within my discretion to deny permissive intervention. I have no interest in allowing RigUp to permissively intervene and attempt to compel arbitration when it has failed to show that it faces even the specter of liability should Opt-in Plaintiffs obtain a judgment against Anadarko. If Anadarko wishes to enforce a purported right to arbitrate claims brought against it by Opt-in Plaintiffs, it may do so.

9

On a final note, the parties have invited RigUp to participate in their upcoming mediation; I expect they will honor the invitation, despite my decision today.

## CONCLUSION

For the reasons explained above, RigUp's Motion to Intervene (Dkt. 84) is **DENIED**.

SIGNED this 24th day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE